IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| In re: | * | |
| JEFFREY A. COLLINS, | * | Case No. 04-31345 JFS |
| | | (Chapter 7) |
| Debtor. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## TRUSTEE'S FINAL REPORT AND
## PROPOSED DISTRIBUTION TO CREDITORS

David E. Rice, the Chapter 7 Trustee herein (the "Trustee"), files this Final Report and Proposed Distribution to Creditors (the "Final Report"), and in support thereof states as follows:

### INTRODUCTION

This case was commenced on September 16, 2004, when Jeffrey A. Collins (the "Debtor") filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code"). In accordance with § 341 of the Bankruptcy Code, the meeting of creditors was held on October 29, 2004.

### BANKING

The Trustee certifies that the balance of the estate's bank accounts at JPMorgan Chase Bank, N.A. is $10,045.89.[1] This balance includes all interest earned as of February 29, 2008. Bank statements and cancelled checks to date are attached hereto as Exhibit 1. In addition, a summary of receipts and disbursements (Form 2 – "Cash Receipts and Disbursements Record") is attached hereto as Exhibit 2.

### ASSETS

The Debtor scheduled a personal injury tort claim which arose as a result of an automobile accident (the "Lawsuit") on his Schedule B. However, the Debtor did not claim any portion of the Lawsuit as exempt on Schedule C.

---

[1] This amount is subject to change. The funds will remain in an interest bearing account as instructed by the Office of the U.S. Trustee until the Final Report is approved and the Trustee is authorized to distribute the funds. Any and all additional interest will be distributed to general unsecured creditors on a pro rata basis.

The Lawsuit was filed in the Circuit Court for Montgomery County, Maryland and docketed as Collins v. Noonan, Case No. 251896. The lawsuit was ultimately settled for the amount of $60,000.

After deduction of the fees and expenses of the personal injury counsel, which totaled $20,000 in fees and $3,500 in expense reimbursements, the $36,500 balance was paid to the Debtor.

The Debtor contended that the entire net personal injury settlement amount of $36,500 could be exempted under applicable Maryland law. The Trustee disputed this position asserting that the non-exempt interest in the Lawsuit was property of the estate. The Trustee and the Debtor ultimately reached a settlement under the terms of which the Trustee agreed to release the claims relating to the Lawsuit in exchange for a cash payment of $10,000.00. On May 11, 2007, the Court entered an Order approving the settlement [Docket No. 38].

Attached hereto as Exhibit 3 is Form 1 - Individual Estate Property Record and Report.

## CLAIMS REVIEW

The Trustee has examined the proofs of claim filed in this case. One objection was filed. The Trustee objected to Claim No. 1 filed by Mitsubishi Motors Credit of America, as a secured claim in the amount of $16,469.41. This claim was disallowed in its entirety by an order entered on October 29, 2007 [Docket No. 41].

## TAXES

Tax returns are not needed given the assets being administered in the Estate.

## LEGAL FEES

Although certain services provided to the estate during the course of this case by the Trustee and/or other attorneys at Venable LLP ("Venable") might properly be characterized as legal services for which an application for allowance of administrative expense could be filed, Venable is not seeking compensation in this case.

## SUMMARY OF ACCOUNT

Having administered the Debtor's estate as stated, the Trustee reports to the Court as follows:

1. Total funds/receipts                                                       $        10,045.89

- 4 -

2. Less actual disbursements to date

    (A)    Trustee's bond premium (prorated)    $    11.54

3. Debtor's Exemption    $    0.00

4. Amount now available for distribution    $    10,036.41

5. Proposed Disbursements

    a.    For secured claims    $    0.00

    b.    For administrative expenses

        (1)    Trustee's commission    $    1,754.80

        (2)    Trustee's expenses    $    45.23

    c.    For priority claims    $    0.00

    d.    For unsecured claims    $    8,236.38

    e.    Other    $    0.00

The Trustee certifies to the Court and the United States Trustee, that he has faithfully and properly fulfilled the duties of the office of Trustee, that he has examined all proofs of claim as appropriate under the proposed distribution and that the proposed distribution, attached hereto as Exhibit 4, is proper and consistent with the law and rules of the court.

The Trustee requests that the Final Report and Proposed Distribution be accepted without objection, and a distribution to creditors be allowed as proposed.

Dated: April 14, 2008.    /s/ David E. Rice
    David E. Rice
    Federal Bar No. 04942
    Venable LLP
    Two Hopkins Plaza, Suite 1800
    Baltimore, MD 21201-2978
    (410) 244-7400
    (410) 244-7742 (fax)
    derice@venable.com

    Chapter 7 Trustee

::ODMA\PCDOCS\BA3DOCS1\384912\2